# **<u>EXHIBIT B</u>**

2/3/2021 7:07 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 50337929
By: Adiliani Solis
Filed: 2/3/2021 7:07 PM

CAUSE NO. _____

| | | |
|---|---|---|
| ELIZABETH SORIANO | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| PANDA EXPRESS, INC. | § | |
| *Defendant.t* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ELIZABETH SORIANO (hereinafter "Plaintiff"), complaining of

PANDA EXPRESS, INC. (referred to as "Defendant"), and for cause of action would respectfully

show the Court as follows:

### I.
### DISCOVERY

1. Plaintiff intends to conduct discovery under Level Three (3) of Rule 190.3 of the

Texas Rules of Civil Procedure.

### II.
### REQUIRED DISCLOSURES

2. Pursuant to Rule 194(a) of the Texas Rules of Civil Procedure, each Defendant is

required to disclose the information and material described in Rule 194.2(b)1-12 within **thirty (30)**

**days after Defendant files its Answer with the Clerk.** Any Defendant that is served or otherwise

joined after the filing of the first answer must make their initial disclosures within thirty (30) days

after being served or joined.

### III.
### PARTIES

3. Plaintiff ELIZABETH SORIANO is a resident of Houston, Harris County, Texas.

4. Defendant PANDA EXPRESS, INC. is a corporation doing business in Texas and

whose designated agent for service of process in the state of Texas is C T Corporation System,

1999 Bryan Street, Ste. 900, Dallas, Texas 75201-3136, or wherever they may be.

## IV.
## TEXAS RULES OF PROCEDURE RULE 28

5.     To the extent that any of the above-named Defendants are conducting business pursuant to a trade name or assumed name, then suit is brought against them pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff hereby demands that upon answering this suit, they answer in their correct legal name and assumed name.

6.     Plaintiff specifically invokes the right to institute this suit against whatever entity was conducting business using the assumed or common name of "Pandas Express" with regard to the events described in this Petition. Plaintiff specifically invokes her right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of this party substituted at a later time upon the motion of any party or of the Court.

## V.
## MISNOMER/ALTER EGO RULE 71

7.     In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such were/are "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## VI.
## JURISDICTION AND VENUE

8.     Venue is proper and maintainable in Harris County, Texas, pursuant to §15.002(a)(1) of the Texas Civil Practice & Remedies Code because the events or occurrences giving rise to this cause of action occurred in Harris County.

9.     The Court has jurisdiction over this matter because Plaintiff's damages are within its jurisdictional limits.

10.    Pursuant to TRCP 47(c)(4) Plaintiff seeks that she is seeking monetary relief over

$250,000.00 but not more than $1,000,000.00.

## VII.
## FACTUAL BACKGROUND

11.     On or about February 11, 2019, Plaintiff Elizabeth Soriano was an invitee on

property which was owned, controlled, operated, and maintained by Defendant Panda Express.

Such premises are more specifically located at 19 E. Crosstimbers Street, Houston, Texas 77022

and commonly referred to as "Panda Express #2176." While dining, Plaintiff was walking near

the drink fountain when she slipped in a puddle of liquid on the floor, and fell to the ground. As

a direct and proximate result of the incident, Plaintiff Elizabeth Soriano suffered physical injuries

and damages which are set forth later herein. As a result of her injuries, Plaintiff has sustained

general and special damages, tangible and intangible that were in reasonable medical probability

caused by the incident made the basis of this lawsuit.

## VIII.
## NEGLIGENCE OF DEFENDANT

12.     Defendant owed a legal duty to Plaintiff. Specifically, Defendant owed a duty to

exercise reasonable care in maintaining its premises in a safe condition during normal hours of

operation. Defendant owed a duty to make sure the floor on their premises remained safe at all

times, especially when patrons would be in their store.

13.     Defendant breached the duty owed to Plaintiff by failing to properly maintain its

premises in a safe condition. Defendant was negligent on the occasion in question and proximately

caused Plaintiff's injuries by:

A.     In failing to warn their invitees and Plaintiff of the dangerous condition;

B.     In failing to monitor the condition of the floor in the store;

C.     In failing to promptly remove the liquid from the floor;

D.     In failing to hire qualified employees;

*Soriano v. Panda Express, Inc.*
*Plaintiff's Original Petition*
*Page 3 of 9*

E.   In failing to properly train its employees;

F.   In failing to adequately supervise employees;

G.   In failing to develop policies and procedures for the protection and safety of customers;

H.   In failing to mark off specific areas as hazardous or dangerous;

I.   In failing to provide adequate safety procedures;

J.   In failing to take preventative measures to prevent unnecessary injuries;

K.   In creating a hazard to others;

L.   In more particularity to be shown at trial.

14.   The above acts, errors and omissions of Defendant and those of its agents, servants, and employees constituted negligence.  Plaintiff did not receive any warnings of the hazardous condition of the floor prior to the incident and was without fault.  Defendant and their agents, servants and/or employees were responsible for communication of information, the safety, maintenance, condition, and inspection of the floor.

15.   At all relevant times, Defendant's agents, servants and employees were acting in the course and scope of their employment with Defendant.  Defendant is therefore vicariously liable for all acts of its employees, agents and representatives under the theory of respondeat superior.  Such negligence caused Plaintiff to sustain significant injuries for which she now sues.

16.   At the time in question, Defendant controlled the exact premises in question where the incident took place.  Defendant owed and assumed a duty to provide a safe premise.  The condition of the floor, and the failure to properly warn, clean, secure, maintain and inspect the floor posed an unreasonable risk of harm of which the Defendant had actual knowledge. Defendant breached their duty of ordinary care by failing to adequately warn Plaintiff and by failing to make the premises safe from the unreasonably dangerous condition.

17.     Plaintiff invokes the doctrine of Res Ipsa Loquitur.  Plaintiff would show that the character of the event made the basis of this lawsuit is such that it would not ordinarily occur in the absence of negligence of Defendant.

**IX.**
**NEGLIGENT HIRING, TRAINING, SUPERVISION AND EMPLOYMENT**

18.     Defendant owed a duty to meet a standard of conduct but failed to do that which a person of ordinary prudence would have done under the same or similar circumstances, or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.   In particular, Defendant failed to properly hire, retain, train and supervise Defendant's managers, supervisors and employees to prevent injuries to the general public, including Plaintiff.  Defendant breached their duty by hiring unqualified employees, failing to train employees and failing to supervise its employees, which proximately caused injuries to Plaintiff.

**X.**
**PREMISES**

19.     Defendant has caused Plaintiff to suffer significant damages for which Plaintiff now sues. Plaintiff brings the following cause of action against Defendant:

20.     Premises Liability: Plaintiff alleges that Defendant is liable to Plaintiff under a premises liability theory. Accordingly, Plaintiff alleges the following:

   a) Defendant was the owner in possession of the premises located at 19 E. Crosstimbers Street, Houston, Texas 77022.

   b) Plaintiff entered Defendant's premises in response to Defendant's invitation and for their mutual benefit.

   c) Conditions on Defendant's premises posed an unreasonable risk of harm, i.e. one of the conditions being liquid left on the floor.

   d) Conditions on Defendant's premises posed an unreasonable risk of harm, i.e. leaking drink fountain which causes liquid to be on the floor.

   e) Defendant possessed actual knowledge of the existence of the dangerous condition, or reasonably should have known of the condition prior to the Plaintiff's injury.

f) Defendant owed Plaintiff, and the public at-large, duties to inspect the premises to make safe any dangerous conditions or give adequate warning of such conditions;

g) Defendant breached its duties; and

h) Defendant's breach proximately caused Plaintiff to suffer severe personal injuries.

21. Plaintiff would show that nothing she did nor failed to do caused, or in any way contributed to cause, the occurrence in question. Further, Plaintiff would respectfully show unto this Honorable Court and Jury that the Defendant failed to perform the above-stated duties and, therefore, were negligent as that term is understood under the laws of the State of Texas in one or more of the following aspects:

(1) in failing to continually have the premises inspected for dangerous conditions and/or hazards located on the premises;

(2) in failing to remedy the dangerous condition and/or hazard that it knew of, in the exercise of ordinary care, should have known was present on its premises;

(3) in failing to warn persons similarly situated to Plaintiff, including Plaintiff, of the dangerous condition and/or hazard located on said premises;

(4) in more particularity to be shown at trial.

22. Each and all of the above and foregoing acts on the part of the Defendant, both of omission and commission, were negligent and constituted negligence per se, and were each and all a proximate cause of the occurrence in question and the injuries and damages suffered by Plaintiff.

## XI.
## DAMAGES

23. Upon trial of this case, it will be shown that Plaintiff sustained serious injuries and damages proximately caused by the premises defect in question. Plaintiff asks the Court and jury to determine the amount of losses she has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain, suffering, and

mental anguish. There are certain elements of damages provided by law that Plaintiff is entitled to have the jury in this case separately consider to determine the sum of money for each element that will fairly and reasonably compensate him for his injuries, damages, losses incurred and to be incurred.

PAST DAMAGES

24.    From the date of the incident in question until the time of trial of this case, those elements of damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff for each element are as follows:

1.    Physical pain;

2.    Mental anguish;

3.    Medical expenses;

4.    Lost wages, and

5.    Physical impairment and the resulting inability to do those tasks and services that Plaintiffs ordinarily would have been able to perform.

FUTURE DAMAGES

25.    From the time of trial of this case, the elements of damages to be separately considered that Plaintiff will sustain in the future beyond the trial, are such of the following elements that are shown by a preponderance of the evidence upon the trial of this case:

1.    Physical pain;

2.    Mental anguish;

3.    Medical expenses,

4.    Loss of earning capacity, and

5.    Physical impairment and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform.

26.     Because of all of the above and foregoing, Plaintiff has been damaged, and will be damaged, in an amount far in excess of the minimal jurisdictional limits of the Court. Plaintiff reserves the right to amend this pleading as discovery progresses.

### XII.
### RULE 193.7 NOTICE

27.     Plaintiff gives notice to Defendant that she intends to use all discovery responses as evidence at trial in accordance with such right and privileges established by Texas Rules of Civil Procedure 193.7.

### XIII.
### TRE 609 (F)

28.     You are hereby on notice that, pursuant to the Texas Rules of Evidence 609(f), Plaintiff intends to use any documents produced in relation to Defendants' criminal convictions as evidence at the time of trial.

### XIV.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that citation be issued and served on the named Defendant as above requested and after final hearing, Defendant be found liable and further, that Plaintiff receives an amount greater than the minimal jurisdictional limits of this Court for the following:

1.     Compensation for medical expenses incurred in the accident for bodily injuries suffered by Plaintiff and for future medical expenses they will incur in the future;

2.     For past, present and future pain and suffering as a direct result of the injuries Plaintiff has sustained;

3.     For past, present and future mental anguish as a direct result of the injuries Plaintiff has sustained;

4.     For past lost wages and future loss of earning capacity;

5.     For past, present and future physical impairment and the resulting inability to do

those tasks and services Plaintiff ordinarily would have been able to perform.

6.      Cost of suit;

7.      For interest on the judgment at the legal rate on the date that it is entered, for prejudgment interest;

8.      Cost of appeal; and

9.      For all other relief, general and specific, legal and equitable, to which Plaintiff may show herself entitled.

Respectfully submitted,

**THE MIDANI LAW FIRM**

By: _____

Tara Afrakhteh Milliff
SBN: 24073825
tmilliff@mhclaw.net
Bridgit Ann White
SBN: 24008269
bwhite@mhclaw.net
Mark O. Midani
SBN: 14013250
mmidani@mhclaw.net
1616 S. Voss, Suite 450
Houston, Texas 77057
TEL: (713) 871-1001
FAX: (713) 871-1054

**ATTORNEYS FOR PLAINTIFF
ELIZABETH SORIANO**

3/1/2021 2:06 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 51027639
By: Lakeisha Williams
Filed: 3/1/2021 2:06 PM

CAUSE NO. 202106810

| | | |
|---|---|---|
| ELIZABETH SORIANO | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| PANDA EXPRESS, INC. | § | |
| Defendant. | § | |
| | § | 215TH JUDICIAL DISTRICT |

## DEFENDANT PANDA EXPRESS, INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant PANDA EXPRESS, INC. files this Original Answer to Plaintiff's Original Petition ("Petition"), and in support thereof, would respectfully show the Court the following:

### I.   General Denial

1.       Under Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation made against Defendant in Plaintiff's Petition.

### II.   Affirmative Defenses

2.       Defendant asserts the affirmative defense of contributory negligence. The negligence of Plaintiff caused or contributed to Plaintiff's injures so that the claims are barred or, in the alternative, must be reduced in accordance with the relative degree of Plaintiff's own negligence. Defendant requests the trier of fact to determine Plaintiff's liability and percentage of responsibility pursuant to Texas Civil Practice & Remedies Code section 33.003.

3.       Defendant is entitled to all caps and limitations on damages pursuant to the Texas Civil Practice & Remedies Code.

4.       Defendant alleges that Plaintiff's injuries and/or damages were caused by an intervening event for which Defendant has no liability.

1

5.      Defendant affirmatively pleads the defense set forth in Texas Civil Practice and Remedies Code Section 18.091, requiring Plaintiff to prove Plaintiff's loss of earning, loss of contributions of a pecuniary value, and/or loss of earning capacity in the form of a net loss after reduction for income tax payments or unpaid tax liability on said loss or earning claim pursuant to any federal income tax law.

6.      To the extent that Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code. Thus, recovery of Plaintiff's medical or health care expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

7.      Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in Section 304.104 of the Texas Finance Code and Section 41.007 of the Texas Civil Practice & Remedies Code.

### III.   Jury Demand

8.      Defendant hereby exercises its rights to demand a trial by jury under Rule 216 of the Texas Rules of Civil Procedure on all issues triable by a jury.

### IV.   Request for Disclosure

9.      Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff is requested to disclose, within thirty days of service of this request, the information or material described in Rule 194.2(a)-(l) and the documents described in Rule 194.4 of the Texas Rules of Civil Procedure.

2

## V.   Prayer

FOR THESE REASONS, Defendant PANDA EXPRESS, INC. respectfully prays that the Court enter a judgment that:

1.      Dismisses all claims against Defendants PANDA EXPRESS, INC. and orders that Plaintiff takes nothing by reason of Plaintiff's allegations.

2.      Orders that Defendant recover all costs incurred in defense of Plaintiff's claims, and that Defendant's judgment against Plaintiff include the following:

a.   Costs of suit; and

b.   Such other and further relief, general and special, at law or in equity, to which Defendants may be justly entitled.

Respectfully submitted,

MEHAFFYWEBER, P.C.

By:/s/Maryalyce W. Cox
Maryalyce W. Cox
State Bar No. 24009203
One Allen Center
500 Dallas, Suite 2800
Houston, Texas  77002
Telephone  - (713) 655-1200
Telecopier  - (713) 655-0222
maryalycecox@mehaffyweber.com

ATTORNEYS FOR DEFENDANT
PANDA EXPRESS, INC.

3

## <u>CERTIFICATE OF SERVICE</u>

This will certify that a copy of the foregoing document was furnished to counsel for Plaintiff on March 1, 2021, pursuant to the Texas Rules of Civil Procedure.

<u>*Maryalyce W. Cox*</u>
Maryalyce W. Cox

4